338

**SEALED, Plaintiffs–Appellants,**

v.

**SEALED, Defendants–Appellees.**

**No. 02–7164.**

United States Court of Appeals,
Second Circuit.

Feb. 28, 2005.

Raymond J. Rigat, Gilbride & Rigat, Clinton, CT, for Plaintiffs–Appellants.

Benjamin Zivyon, Assistant Attorney General, Hartford, CT (Richard Blumenthal, Attorney General of Connecticut,

Gregory T. D'Auria, Associate Attorney General, Susan T. Pearlman, Assistant Attorney General, on the brief) for Defendants–Appellees.

PRESENT: STRAUB, SACK, Circuit Judges.[1]

## SUMMARY ORDER

Plaintiffs–Appellants, Teresa T. ("Teresa") and Zazsheen P. ("Zazsheen"), minor children who are presently in foster care, assert various constitutional claims against defendant employees of the Connecticut Department of Children and Families ("DCF") based on the defendants' alleged failure to protect the plaintiffs from their stepfather's severe physical abuse by removing plaintiffs from their home. The United States District Court for the District of Connecticut (Alfred V. Covello, *then-Chief Judge*) dismissed plaintiffs' procedural due process claims, rejecting plaintiffs' argument that Connecticut's child welfare statutes, Conn. Gen.Stat. §§ 17a–90 *et seq.*, create a constitutionally enforceable right to child protective services subject to due process protection. *See Teresa T. v. Ragaglia*, 154 F.Supp.2d 290, 303–05 (D.Conn.2001). We assume the parties' familiarity with the facts, decision below, procedural posture of the case, and issues on appeal.

In a decision issued on June 13, 2003, we found that the question of whether §§ 17a–90 *et seq.* created a liberty or property interest entitled to due process protection turned on whether § 17a–101g(c) *required*, or merely *authorized*, the Commissioner of Children and Families to remove any child from a household where the Commissioner had probable cause to believe the child was in imminent risk of physical harm.[2] *Sealed v. Sealed*, 332 F.3d 51 (2d Cir.2003). Finding the wording of § 17a–101g(c) ambiguous and its interpretation unsettled by state decisional law, and finding that other factors favored certification, *see id.* at 59, we certified the following two questions of state law to the Supreme Court of Connecticut:

(1) If the Commissioner of Children and Families had probable cause to believe that the plaintiffs were in imminent risk of physical harm and that immediate removal was necessary to ensure the plaintiffs' safety, was the Commissioner then *required* to cause plaintiffs' removal pursuant to Conn. Gen Stat. § 17a–101g(c), or would the existence of probable cause only *authorize* the Commissioner to seek emergency removal based on his or her discretionary judgment?

(2) Additionally, had the Commissioner authorized removal of plaintiffs pur-

---

1. Judge Fred I. Parker was originally the third member of the panel when argument was heard. His untimely death on August 12, 2003, prevented his participation in this decision. This appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. 0.14(b).

2. Upon reviewing §§ 17a–90 *et seq.*, we found that § 17a–101g(c) was the only potentially mandatory provision. This subsection provides that

   [i]f the Commissioner of Children and Families, or his designee, has probable cause to

believe that the child or any other child in the household is in imminent risk of physical harm from his surroundings and that immediate removal from such surroundings is necessary to ensure the child's safety, the commissioner, or his designee, shall authorize any employee of the department or any law enforcement officer to remove the child and any other child similarly situated from such surroundings without the consent of the child's parent or guardian.

Conn. Gen.Stat. § 17a–101g(c).

suant to § 17a–101g(c), would the designated DCF employee or law enforcement officer have been statutorily required, or merely authorized, to remove plaintiffs from their home?

*Id.* at 59–60.

The Supreme Court of Connecticut answered these questions in a decision dated February 8, 2005. *Teresa T. v. Ragaglia,* 272 Conn. 734, 865 A.2d 428 (2005). The court held that § 17a–101g(c) "did not require the commissioner to cause the plaintiffs' removal upon a finding of probable cause, but merely authorized the commissioner to seek emergency removal based on his or her discretionary judgment." *Id.* at 741, 865 A.2d 428. Similarly, the court held that "[e]ven if the commissioner had authorized removal of the plaintiffs pursuant to § 17a–101g(c), the designated department employee or law enforcement officer was not statutorily required, but was merely authorized, to remove the plaintiffs from their home." *Id.*

The Supreme Court of Connecticut's holdings are dispositive. As we found in our earlier opinion, *see Sealed,* 332 F.3d at 56, if § 17a–101g(c) does not mandate removal, then plaintiffs do not have a constitutionally protected entitlement to removal. Accordingly, the judgment of the District Court is hereby AFFIRMED.